UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| VERSUS | * | NO. 13-77 |
| | * | |
| VICTOR LACAYO | * | SECTION "L" |

**ORDER & REASONS**

Pending before the Court is Petitioner Victor Lacayo's Motion for Compassionate Release. R. Doc. 420. The government opposes the motion. R. Doc. 424. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.  BACKGROUND

On February 5, 2014, Victor Lacayo appeared before the Honorable Kurt D. Engelhardt and pleaded guilty to Count One of an indictment charging him with conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of Title 21, United States Code, section 846. On May 14, 2014, he was sentenced to 238 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. R. Doc. 132. Mr. Lacayo was also ordered to pay a $100 special assessment fee. R. Doc. 132 at 5. He shortly thereafter appealed the judgment and a Federal Public Defender was appointed to him. R. Doc. 134, 140. On April 16, 2015, Mr. Lacayo's appeal was dismissed by the United States Court of Appeals for the Fifth Circuit as frivolous. R. Doc. 312. On June 15, 2016, Mr. Lacayo filed a Motion to Vacate Under 28 U.S.C. § 2255, R. Doc. 388, which was denied on February 8, 2018. R. Doc. 400. On June 27, 2018, Mr. Lacayo's case was transferred to this section of the Court. R. Doc. 414. He subsequently filed a Motion to Reduce Sentence, R. Doc. 417, and the motion was referred to the Retroactivity Screening Committee for determination of eligibility, R. Doc. 418. To

date, the Committee has not rendered a determination. Accordingly, Mr. Lacayo filed a Motion for Compassionate Release Under the First Step Act on April 16, 2020, which is presently before the Court. R. Doc. 420.

## II. PENDING MOTION

Mr. Lacayo seeks immediate release from prison. R. Doc. 420. He explains that due to "circumstances that have become life or death" and "the prison's understaffed ability to process requests for emergency relief," he is unable to exhaust his administrative remedies. R. Doc. 420 at 1. Mr. Lacayo stresses that he suffers from diabetes and accordingly is highly threatened by the global outbreak of COVID-19. R. Doc. 420 at 1. He further notes that the death rate from the illness is significantly higher for individuals with diabetes and high blood pressure and warns that it "is only a matter of time before the Global Pandemic [reaches] the Beaumont Low Federal Prison." R. Doc. 420 at 2. Mr. Lacayo pleads that continued incarceration in the face of the global pandemic is tantamount to "a potential death sentence," which is not justified in light of the non-violent nature of his offense of conviction. R. Doc. 420 at 3. In sum, Mr. Lacayo seeks a commutation or reduction of his nineteen-year sentence and the imposition of a term of house arrest.

In opposition, the government argues that compassionate release is not warranted because Mr. Lacayo has failed to exhaust his administrative remedies. R. Doc. 424 at 1. Additionally, the government contends Mr. Lacayo has failed to demonstrate that compassionate release is appropriate based on the merits. R. Doc. 424 at 1. The government explains that although the Attorney General has instructed the BOP to use all available statutory authorities to grant home confinement where appropriate, Mr. Lacayo does not meet the qualifications for such relief.

## III. LAW & DISCUSSION

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c). Mr. Lacayo admits that he has not filed a request for compassionate release with the Warden of FCI Beaumont. R. Doc. 420 at 1. Unfortunately, his failure to do so is fatal, as this Court agrees with the majority of courts in concluding that the exhaustion of administrative remedies is a mandatory prerequisite to seeking compassionate release, even in light of the ongoing outbreak of COVID-19. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Nevers*, No. CR 16-088, 2020 WL 1974254, at *2 (E.D. La. Apr. 24, 2020) ("[T]he Court cannot consider Petitioner's request for instant release or home confinement until she has complied with the exhaustion requirements of § 3582(c)(1)(A) . . . ."); *United States v. Zywotko*, No. 219CR113FTM60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) ("[S]ince Defendant has failed to exhaust his administrative remedies, the Court does not possess authority to grant relief under § 3582(c)(1)(A)(i)."); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)."); *United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) ("As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action. As a result, the Court cannot consider his motion to modify his sentence.").

Mr. Lacayo nevertheless requests that the Court waive the 30-day waiting period required

by § 3582(c). While some courts have recognized that futility may excuse the failure to exhaust administrative remedies, especially in light of "unique circumstances and the exigency of a rapidly advancing pandemic," *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020), other have remained faithful to the statutory text and rejected similar arguments, *see, e.g.*, *Eberhart*, 2020 WL 1450745, at *2. Even if courts can waive the exhaustion requirement when pursuing administrative remedies would be futile, Mr. Lacayo has not demonstrated that taking such steps would be futile in his case. The Court recognizes the dire situation within federal correctional institutions in this unprecedented situation but notes that the BOP has implemented a number of COVID-19-related protocols aimed at protecting inmates and staff. R Doc. 424 at 14. The Attorney General has instructed the BOP to prioritize home confinement[1] and has specifically expanded opportunities for home release in light of the virus.[2] Furthermore, allowing the BOP to evaluate the merits of Mr. Lacayo's request for compassionate release before directing the motion to the Court is an efficient use of judicial resources, as the BOP is in the best position to understand both the specific threat posed to Mr. Lacayo's health by the virus' spread within the facility and the potential consequences of his early release. If, as Mr. Lacayo suggests, the staff at FCI Beaumont is indeed unable to address his request within thirty days of its submission, the judicial system remains available to him.

Although the Court recognizes the urgency of Mr. Lacayo's request, it lacks the authority to defy the statutory mandate set forth in the First Step Act. Because the Court finds that Mr. Lacayo's motion is barred by his failure to exhaust administrative remedies, it will not address the merits of his claim.

---

[1] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.
[2] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

## IV. CONCLUSION

Considering the foregoing,

Mr. Lacayo's Motion for Compassionate Release, R. DOC. 420, is **DENIED** without prejudice to his right to refile the motion once the applicable administrative remedies have been exhausted.

New Orleans, Louisiana this 5th day of May, 2020.

Eldon E. Fallon<br>
United States District Judge